UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

P & J DAIQUIRI CAFÉ, INC., ET          CIVIL ACTION
AL.

VERSUS                                 NO: 07-6617

ANDREW K. KNOX & CO.                   SECTION: "J" (1)

**ORDER AND REASONS**

Before the Court is Defendant's Motion to Disqualify Counsel
(Rec. Doc. 8).  For the reasons below, Defendant's Motion is
**DENIED.**

**BACKGROUND**

Plaintiffs own and operate several business locations in the
French Quarter, wherein they sell frozen daiquiris.[1]  Plaintiffs
allege that the machines used to make the frozen daiquiris were
damaged and were required to be replaced due to damage suffered
to each premises as a result of Hurricane Katrina.

After the storm, Plaintiffs allege that they hired Defendant
Andrew K. Knox & Co. ("Knox"), a professional adjuster, to make
claims for payment of property damage and loss under applicable

_____

[1]Plaintiffs' business locations include: 619 Bourbon Street,
401 Bourbon Street, 200 Bourbon Street and 730 St. Peter Street.
At each location, Plaintiffs operated a bar with frozen daiquiri
machines.

insurance policies.  Plaintiff claims Knox advised the Plaintiffs
that damage to the daiquiri machines was not covered.  However,
Plaintiffs claim that damage to the machines was covered, and
therefore Knox was incorrect in its determination.  Plaintiffs
claim that Knox's incorrect determinations amount to negligence.
Plaintiffs seek recovery for amounts paid to replace the daiquiri
machines.

Defendant admits that it was hired by Plaintiffs, but claims
that "towards the end of the adjustment, Defendant was notified
by Plaintiffs that their attorney, Wade Webster, was taking over
the handling of the claim."  Plaintiffs filed suit against
Everest Insurance Company in the fall of 2006.[2]  Plaintiffs'
attorney in the *Everest* litigation was Wade Webster.  Defendant
claims the Mr. Webster negotiated a $220,000 settlement with
Everest, and thereafter, he forwarded a receipt and release to
both Knox and Plaintiffs for signature.

Plaintiffs assert that after suit was filed, Knox negotiated
a settlement for all claims in the cases.  Mr. Webster claims
that emails show that Knox is the party who negotiated the
settlement and that Everest furnished the receipt and release.

Knox brings this motion to disqualify Webster as counsel for

---

[2] *See P & J Daiquiri Café v. Everest Nat'l Ins. Co.*, No. 06-
5943 (E.D. La.)(assigned to section "L").

2

the Plaintiff on the grounds that Webster is a necessary witness to this litigation.

## DISCUSSION

In general, it has been a long-standing ethical rule that an attorney may not serve as both and advocate and a witness in the same litigation. *See Fed. Deposit Ins. Corp. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311 & n.8 (5th Cir. 1995)(*citing* James B. Lewis, 19 Hous. L. Rev. 75, 80-84 (1981)). The Fifth Circuit has held that when presented with a motion to disqualify counsel under this rule, a federal district court is required to examine the state and national ethical standards relevant to the challenged conduct. *Id.* at 1311-12 (*citing In re Am. Airlines, Inc.*, 972 F.2d 605, 609-12 (5th Cir. 1992)). Therefore the Fifth Circuit has held that district courts should consider four "relevant ethical canons" in order to assess when counsel disqualification is warranted.[3] *See Id.* at 1312; *Jackson v. Adcock*, No. 03-3369, 2004 WL 1661199 (E.D. La. July 22, 2004)(Africk, J.).

The four sources that the district court should consider are (1) the Local Rules; (2) the rules governing attorneys practicing the state courts in the jurisdiction, i.e. the Louisiana State

---

[3] The Fifth Circuit stated that because "[m]otions to disqualify are substantive" in nature, they should be decided under federal law. *U.S. Fire Ins. Co.*, 50 F.3d at 1312.

Bar Association's Rules of Professional Conduct ("the Louisiana Rules"); (3) the American Bar Association's Model Rules of Professional Conduct ("the Model Rules"); and (4) the American Bar Association's Model Code of Professional Responsibility ("the Model Code").  *See Jackson* 2004 WL 1661199, at *2.

Local Rule 83.2.4E provides that this Court adopts the Rules of Conduct of the Louisiana State Bar Association.  Accordingly, the Local Rules and the Louisiana Rules provides that "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work a substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

LA. RULES OF PROF'L CONDUCT R. 3.7.[4]

The Model Code provides:

"(A) If, after undertaking employment in contemplated

---

[4]The MODEL RULES OF PROF'L CONDUCT R. 3.7 is exactly the same as the Louisiana Rules.

4

or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

MODEL CODE OF PROF'L RESPONSIBILITY DR 5-102.[5]

---

[5]The "circumstances enumerated in DR 5-101(B)(1) through (4)" were:

"(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

It is worth noting that the Model Rules superceded the Model
Code.  Although some states still follow the Model Code, the
majority of states follow the Model Rules.  *See Jackson*, 2004 WL
1661199, at *3 (*citing* ABA, BNA Lawyer's Manual on Professional Conduct
§ 01:301 (1991)). Therefore, the extent to which the Model Code
should be considered is somewhat in doubt, especially when
considered in light of contradictions with the Model Rules and
the Louisiana Rules.

In this case, it appears that Mr. Webster may be a witness
in order to testify as to the negotiations between Everest and
the Plaintiffs.  Mr. Webster has submitted exhibits which he
believes show that he was not involved in settling claims related
to the daiquiri machines, and that Knox is the entity that
negotiated with Everest.  In fact, it seems that much of this
case will turn on whether the fact finder believes that Webster
negotiated with Everest or that Knox did.  Neither the Model
Rules nor the Louisiana Rules disqualify an attorney in Mr.
Webster's situation from participating in pre-trial matters.  Mr.
Webster has informed the Court that he will not participate at
trial, but only in pre-trial matters.  The Model Rules and the

---

(4) As to any matter, if refusal would work a substantial
hardship on the client because of the distinctive value of the
lawyer or his firm as counsel in the particular case."
Model Code of Prof'l Responsibility DR 5-101(B)(1).

Louisiana Rules are quite explicit that an attorney may not be an advocate *at trial* when he may be called as a witness. There is no prohibition against the attorney representing the client in pre-trial matters. *See Jackson*, 2004 WL 1661199, at *4. Therefore, there is no reason under the Model Rules or the Louisiana Rules to disqualify Mr. Webster at this time, especially since Mr. Webster represents that he will not be trial counsel in this case.

In fact, Mr. Webster avers that he is not a necessary witness at all, and that he has "no testimony regarding the settlement negotiations and no testimony that would involve a contested issue." (Rec. Doc. 10, at 3). Regardless, at this point, there is no evidence to suggest that Webster's testimony, if required, would be prejudicial to his client. In fact, at this stage of proceedings, it appears most likely that Mr. Webster's testimony would be helpful to his client. Therefore, even under the more strict Model Code, it would not be appropriate at this time to disqualify Webster. *See* MODEL CODE DR 5-102.[6]

---

[6]Because the Court has concluded that Mr. Webster does not believe that he has information relevant to this litigation, he will not suggest himself as a witness for his client. Therefore the only entity that would call Mr. Webster as a witness would be the Defendant. Therefore the Court only need consider DR5-102(B) which pertains to situations were the attorney may be called as a witness by the opposing side.

Courts are cautioned that they should apply the rules related to disqualification flexibly, and should take into account the social interests at stake including the right of a party to its counsel of choice and an attorney's right to freely practice her profession. *E.g., SAS Overseas Consultants v. Offshore Consultants USA*, No. 97-3449, 1998 WL 676992 (E.D. La. Sept. 30, 1998)(Vance, J.).  In this case, these social interests favor allowing the Plaintiff to retain his counsel of choice and allow Mr. Webster to continue to represent Plaintiffs during pre-trial.

Because the Court can conclude that Mr. Webster should not be disqualified at this time, there is no reason for the Court to consider whether Mr. Webster's firm should be disqualified. However, the Court will note that even if Mr. Webster is deemed to be a necessary witness, and his testimony is prejudicial to his client, neither the Model Rules nor the Louisiana Rules would require that the firm be disqualified outside of a conflict of interest.  There is no evidence in the record at this time which would suggest that a conflict of interest would inhere in that situation.[7] Accordingly,

**IT IS ORDERED** that Defendant's Motion to Disqualify Counsel

---

[7]However, today's ruling does not prohibit Defendant from bringing forward such evidence at a later time, if necessary.

(Rec. Doc. 8) is **DENIED**.

New Orleans, Louisiana this the 12th day of March, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE