UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| P & J DAIQUIRI CAFÉ, INC., ET AL. | CIVIL ACTION |
| VERSUS | NO: 07-6617 |
| ANDREW K. KNOX & CO. | SECTION: "J" (1) |

**ORDER AND REASONS**

Before the Court is Defendant's **Motion for Summary Judgment.** (Rec. D. 34).

**BACKGROUND**

This action arises out of a suit by P&J Daiquiris Café, Inc., (P&J) against Andrew K. Knox & Company("KNOX") for advice KNOX gave in its capacity as an insurance adjuster. (Rec. D. 37 Pl. Statement of Contested Facts). P&J was insured at the time by Everest Insurance. (Pl. Statement.) In the aftermath of Hurricane Katrina, P&J hired KNOX to conduct an investigation into a claim for property damage, business personal property damage, and business interruption. (Pl. Statement.)

KNOX submitted a claim to Everest for the full amount of the replacement cost for P&J's business contents under the business personal property damage claim. (Pl. Statement.) Everest calculated the payments due to P&J to be much lower than what was

proposed by KNOX. (Pl. Statement.)

At this point the parties differ in their account of what happened. KNOX alleges that it informed P&J that it should seek the advice of an attorney. (Def. Statement of Uncontested Facts ¶ 9.) P&J alleges that KNOX advised that P&J would not recover any more than what was being offered by Everest. (Pl. Statement)

Subsequently, P&J retained counsel and settled all its claims against Everest.(Pl. Statement.) P&J alleges that this settlement was for business interruption only. (Pl. Statement) Knox contends that the broad waiver of suit contained in the settlement agreement, and the language of the complaint indicates that they were negotiating for all claims.(Def. Statement.)

Following the settlement, P&J filed this lawsuit.

## Law and Analysis

**Applicable Law**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

**The Parties' Arguments**

Defendant argues that summary judgment is appropriate because Plaintiff cannot allege any damages. Defendant argues that after Plaintiff executed a settlement agreement with Everest, which waives all past and future claims, they were compensated for the losses they seek from KNOX. Defendant cites <u>Couture v. Guillory</u>, in which the Fifth Circuit held that a Plaintiff cannot seek damages for malpractice against their attorney for claims which were settled with the original defendant. 713 So. 2d 528 (1998) Since Plaintiff has already recovered for the claims which KNOX adjusted in court, Defendant contends that Plaintiff cannot allege damages based on those claims.

Plaintiff alleges that the negligent advice from KNOX caused them to pursue only claims for business interruption and not the difference in the assessment and offer for business personal property loses. They allege that the settlement they received from Everest was for the business interruption. They claim to have only settled this claim because they believed that they could not pursue others. As a result, argues the Plaintiff, they lost some of the proceeds to which they were entitled.

Defendant's reply argues that Plaintiff provides only

3

speculative evidence of damages since their ability to recover more insurance proceeds is unclear. Furthermore, argues Defendant, Plaintiff was responsible for waiving all claims against the insurer and therefore responsible for their inability to collect more for the loss of business personal property.

**Discussion**

Louisiana Courts have declined to impose "a duty on an independent insurance adjuster to an insured to conduct a proper investigation or to advise an insured of coverage issues." Rich v. Bud's Boat Rentals, 1997 U.S. Dist. LEXIS 20236 (E.D. La. Dec. 18, 1997). Insurance adjusters are not responsible for advising their clients of prescriptive periods or other details of their claim. See e.g. Trainer v. Aycock Welding Co., 421 So. 2d 416, 417 (La. App. 1st Cir. 1982) ("There is no duty on the part of an insurance adjuster to advise a claimant on the proper prescriptive period."); Pellerin v. Cashway Pharmacy of Franklin, Inc., 396 So. 2d 371, 373 (La. App. 1st Cir. 1981). In fact, Courts have specifically declined to extend the duties of insurance companies to adjusters. Motin v. Travelers Ins. Co., 2003 U.S. Dist. LEXIS 20037 (E.D. La. Nov. 3, 2003). The only time a Louisiana court ever found a duty was in Pellerin v. Cashway Pharmacy of Franklin, Inc., 396 So. 2d 371(La.App. 1 Cir. 1981). In that case, an adjuster contacted a potential plaintiff,

assured the plaintiff they would take care of the suit following her release from hospital, instructed Plaintiff not to contact them until she was released, and subsequently informed Plaintiff, upon her release, that her claim was time barred and she would not recover. Id. at 373. In that case, the Court considered several factors including,"relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, [and] misrepresentation or fraud." Id. (Citation omitted)

In the present case, Plaintiff makes no allegations that KNOX failed to perform a proper adjustment. Nor does Plaintiff claim that KNOX did not communicate its adjustment to Plaintiff's insurer, Everest. Plaintiff does not allege that through KNOX' negligence their claims became time barred or that KNOX failed to complete an essential task for their recovery.

Instead, Plaintiff alleges that, relying on the advise provided by KNOX, it did not pursue further compensation for business personal property losses. Furthermore, Plaintiff alleges that after it retained counsel and pursued other claims against Everest it did not verify the validity of the advice given by KNOX. Rather than consulting its lawyer, P&J relied on the judgment of its insurance adjusters to interpret the legal

5

avenues available under the policy.

Furthermore, Plaintiff entered into a binding settlement agreement with Everest Insurance forgoing any future claims. As a result of this action, Plaintiff is not in a position to pursue further claims. This intervening action is the proximate cause of any alleged damage.

## CONCLUSION

The facts alleged do not support a claim against KNOX. Plaintiff has failed to allege anything which would suggest that KNOX owed any special duty. Accordingly

**IT IS ORDERED** that defendant's **Motion for Summary Judgment (Rec. D. 34) be GRANTED.** ,

New Orleans, Louisiana this the 14th day of July, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE